

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

**ROBERT JOHN SAM, JR.,**

Plaintiff,

v.

**SARAH FRAZIER**, in her individual capacity;
**ELDER CARE SERVICES of Dekalb Illinois** ;
**AMY GODFREY**; and
**ANN GODFREY**,

Defendants.

Case No. _____

**RECEIVED** JKS

8/15/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**1:25-cv-09752
Judge April M. Perry
Magistrate Judge Jeannice W. Appenteng
RANDOM/Cat 2**

## COMPLAINT FOR DAMAGES

(Pro Se – Jury Trial Demanded)

# I. INTRODUCTION

1. This is an action for violations of Plaintiff's constitutional rights under the **Fourth and Fourteenth Amendments** of the U.S. Constitution, actionable pursuant to **42 U.S.C. § 1983**, as well as state-law claims for **malicious prosecution, defamation, and intentional infliction of emotional distress**.

2. Plaintiff was falsely accused, maliciously prosecuted, and publicly defamed by Defendants—resulting in

criminal charges for theft and home repair fraud to the elderly in October 2022, all of which have now been terminated in Plaintiff's favor.

3. The criminal charges were brought without probable cause, with fabricated evidence, and in retaliation for Plaintiff's own elder abuse report to Elder Care Services.

4. The Defendants' conduct caused severe reputational harm, emotional distress, and economic loss, and constitutes extreme abuse of legal and investigative processes.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343** because the claims arise under the Constitution and laws of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's Illinois state-law claims under **28 U.S.C. § 1367(a)**.

7. Venue is proper in this District under **28 U.S.C. § 1391(b)** because all events occurred in DeKalb County, Illinois, which lies within the Northern District of Illinois.

# III. PARTIES

8. **Plaintiff**: Robert John Sam, Jr., a resident of Illinois.

9. **Defendant Sarah Frazier**: Employee of Elder Care Services, acted under color of state law.

10. **Defendant Elder Care Services**: Illinois agency/ entity responsible for oversight of elder protective services.

11. **Defendants Amy Godfrey and Ann Godfrey**: Private individuals who acted jointly with Frazier to instigate false criminal charges.

# IV. FACTUAL BACKGROUND

12. In 2021–2022, Plaintiff performed repair and maintenance work for William "Bill" Godfrey, Amy and Ann's father. Payment totaled roughly $6,400 for a year's work including materials—far below market value.

13. Bill Godfrey gave Plaintiff permission to remove or keep items, including an old sword.

14. Plaintiff contacted Elder Care Services to report suspected elder abuse and abandonment by Amy and Ann Godfrey.

15. Defendant Sarah Frazier acknowledged receipt of Plaintiff's elder abuse complaint in a voicemail (to be attached as Exhibit A), stating she intended to meet Mr. Godfrey.

16. Instead of documenting Plaintiff's complaint accurately, Frazier fabricated a report implying Elder Care Services received a complaint **against Plaintiff**. And also lied that she didn't call for a ambulance for Nancy Godfrey when Frazier arrived on the scene.

17. Amy and Ann Godfrey falsely accused Plaintiff of theft and home repair fraud, knowing these accusations were false.

18. In October 2022, Sycamore Police Detective Greyson Scott—an associate of the Godfreys—filed charges against Plaintiff for theft and home repair fraud to the elderly.

19. The home repair fraud charges were dismissed. The theft charge was resolved under a second-chance program resulting in **no conviction** and full dismissal in July 2025.

20. The prosecution caused eviction, loss of business, and public humiliation.

# V. CLAIMS FOR RELIEF

## Count I – 42 U.S.C. § 1983 – Malicious Prosecution

(Against Sarah Frazier in her individual capacity)

21. Plaintiff realleges paragraphs 1–20.

22. Elements of § 1983 malicious prosecution in the Seventh Circuit require: (1) Defendants caused Plaintiff to be seized pursuant to legal process; (2) proceedings were terminated in Plaintiff's favor; (3) no probable cause existed; (4) malice; and (5) damages. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019).

23. Defendant Frazier knowingly fabricated evidence and misrepresented the origin of the elder abuse report, directly causing the initiation of criminal proceedings without probable cause, in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

24. The charges terminated in Plaintiff's favor on July 2025.

25. Defendant's actions were willful, wanton, and taken with malice.

## Count II – Malicious Prosecution (Illinois Common Law)

(Against All Defendants)

26. Plaintiff realleges paragraphs 1–20.

27. Under Illinois law, malicious prosecution requires: (1) commencement or continuation of judicial proceedings by defendant; (2) termination in plaintiff's favor; (3) absence

of probable cause; (4) malice; and (5) damages. *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996).

28. All Defendants actively caused or perpetuated the criminal proceedings by making false reports and pressuring law enforcement.

29. The proceedings ended entirely in Plaintiff's favor.

30. Defendants acted with malice and without probable cause, causing reputational, financial, and emotional harm.

## Count III – Defamation (Per Se)

(Against Amy & Ann Godfrey)

31. Plaintiff realleges paragraphs 1–20.

32. Defendants made false statements accusing Plaintiff of theft and fraud to police and others.

33. Accusations of criminal conduct constitute **defamation per se** in Illinois. *Van Horne v. Muller*, 185 Ill. 2d 299, 307 (1998).

34. These statements were made knowingly false or with reckless disregard for truth, damaging Plaintiff's reputation.

## Count IV – Intentional Infliction of Emotional Distress

(Against All Defendants)

35. Plaintiff realleges paragraphs 1–20.

36. IIED under Illinois law requires: (1) extreme and outrageous conduct; (2) intent or reckless disregard to cause emotional distress; (3) severe emotional distress. *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 20 (1992).

37. Defendants' coordinated false accusations, fabrication of evidence, and exploitation of state power were extreme and outrageous.

38. Plaintiff suffered severe emotional distress, including anxiety, sleeplessness, and humiliation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants as follows:

a. Compensatory damages exceeding $3,500,000;

b. Punitive damages against the individual Defendants;

c. Costs, interest, and reasonable expenses;

d. Any other relief the Court deems just.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,**

/s/Robert John Sam, Jr.
639 stonegate dr sycamore Illinois 60178
779-777-3265

harpees5@yahoo.com

Pro Se Plaintiff

8/15/25