UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JOHN SAM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-9752 |
| v. | ) | |
| | ) | Judge April M. Perry |
| SARAH FRAZIER, in her individual and | ) | |
| official capacity as an agent of Elder Care | ) | |
| Services of DeKalb County; ELDER CARE | ) | |
| SERVICES OF DEKALB COUNTY; | ) | |
| AMY GODFREY; ANN GODFREY; and | ) | |
| DETECTIVE SCOTT, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Robert John Sam, Jr. ("Plaintiff") brings this lawsuit *pro se* against Elder Care Services

of DeKalb County ("ECS"), Sarah Frazier, in her individual and official capacity as an agent of

ECS, Amy Godfrey, Ann Godfrey,[1] and Detective Scott (collectively, "Defendants"). Doc. 7.

Plaintiff alleges in the amended complaint that Defendants fabricated evidence and submitted

false police reports in a coordinated effort to frame him for fraud and theft. *Id*. ¶¶ 1, 23. As such,

the complaint asserts claims for malicious prosecution and conspiracy under 42 U.S.C. § 1983

("Section 1983") (Counts I and II), malicious prosecution under Illinois law (Count III),

defamation per se (Count IV), intentional infliction of emotional distress ("IIED") (Count V),

and abuse of process (Count VI). *Id*. ¶¶ 26-52. ECS, Frazier, and the Godfreys now move for

dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 17; 37.

Also pending is a motion by Plaintiff for entry of default against Detective Scott. Doc. 52. For

---

[1] The Court uses the Godfrey sisters' maiden names as those are the names used in the amended complaint. Doc. 7; Doc. 17 at 1.

the reasons set forth below, the motions to dismiss are granted, and Plaintiff's motion for entry of default against Detective Scott is denied.

## BACKGROUND

Plaintiff, an Illinois resident, performed repair and maintenance work for Bill Godfrey at Mr. Godfrey's residence. Doc. 7 ¶¶ 6, 12. During that time, Mr. Godfrey told Plaintiff to dispose of or keep items that Mr. Godfrey no longer wanted. *Id.* ¶ 12. Plaintiff purportedly observed elder neglect at the Godfrey residence and subsequently filed a complaint with ECS, a governmental entity responsible for responding to elder abuse complaints. *Id.* ¶¶ 8, 14-15. According to the complaint, Frazier, who worked for ECS, instead "reversed" Plaintiff's complaint and reported to police that she had received a complaint against Plaintiff for elder abuse. *Id.* ¶ 16. In an effort to conceal elder neglect at the Godfrey residence, the complaint further alleges that Frazier also told police that "nothing was wrong" at the Godfrey home even though Frazier had to call emergency medical services to treat Nancy Godfrey during Frazier's visit to the home. *Id.* ¶¶ 18-19. Separately, the complaint alleges that Mr. Godfrey's daughters Amy and Ann Godfrey falsely accused Plaintiff of stealing from their father without any personal knowledge of Plaintiff's actions and despite the fact that Mr. Godfrey had instructed Plaintiff to remove items from the home. *Id.* ¶¶ 13, 21. Amy Godfrey supposedly later "admitted to an investigator from the Public Defender's Office that Plaintiff's account was true." *Id.* ¶ 22.

As a result of allegations from Frazier and Amy and Ann Godfrey, Detective Scott from the Sycamore Police Department allegedly brought charges of theft and fraud against Plaintiff. *Id.* ¶ 23. The fraud charge was dismissed outright, but Plaintiff entered into a "Second Chance" program for the theft charge, which was ultimately resolved with a dismissal. *Id.* ¶ 24.

## LEGAL STANDARD

2

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed when a plaintiff fails to state a claim upon which relief can be granted. A 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

To survive a motion to dismiss, a plaintiff need only include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ANALYSIS

### I. Sovereign Immunity

The Court begins with ECS's and Frazier's arguments that this suit cannot proceed against them due to sovereign immunity. If sovereign immunity is invoked and applies, a federal court does not have jurisdiction over claims against that defendant. *See McHugh v. Illinois Dep't of Transportation*, 55 F.4th 529, 533 (7th Cir. 2022). Sovereign immunity arises from the Eleventh Amendment, which bars a suit in federal court against a state or its agencies unless the state consents or Congress has abrogated the state's immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Such immunity also extends to a state official acting

3

in their official capacity, *Lewis v. Clarke*, 581 U.S. 155, 163 (2017), and entities operating as "arms of the state." *See Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). "Whether an entity is an arm of the state is a question of federal law that can be answered only after considering the provisions of state law that define the agency's character." *Galette v. New Jersey Transit Corp.*, 146 S.Ct. 854, 865 (2026) (internal quotations omitted); *Tucker v. Williams*, 682 F.3d 654, 659 (7th Cir. 2012) (noting that relevant considerations include the entity's financial autonomy and the general legal status of the entity).

ECS argues that it is an arm of the state, created pursuant to Illinois law, and thus it and its employees are entitled to sovereign immunity. Doc. 37 at 14.[2] Plaintiff does not respond to ECS's sovereign immunity argument, and thus has technically waived any objection. Setting aside that waiver, in the context of the State Lawsuit Immunity Act, Illinois courts have agreed that elder care agencies like ECS are state actors entitled to sovereign immunity. *See Giovenco-Pappas v. Berauer*, 179 N.E.3d 815, 820-21 (Ill. App. Ct. 2020). Specifically, the *Giovenco-Pappas* court noted that the State Employee Indemnification Act defines the term "employee" to include "individual representative[s] of or organizations designated by the Department on Aging," and the enabling statute provides "that the Department on Aging may implement the Act through provider agencies." *Id.* at 821. To that end, provider entities are considered "agents of the Illinois Department on Aging" performing "the State's work pursuant to the State's direction." *Id.* at 817, 821. For these reasons, this Court agrees that ECS and Frazier acting in her

---

[2] Defendants also raise defenses of qualified immunity and under the Illinois Adult Protective Services Act, which shields persons making a report from liability when they act in the "victim's best interest." Doc. 37 at 13-15. The Court does not consider either argument at this time. Immunity under the Adult Protective Services Act requires factual findings about whether the defendants were acting in the victim's best interest, which is not appropriate on a motion to dismiss. Similarly, Frazier may be entitled to qualified immunity, however, such an affirmative defense is typically decided on a motion for summary judgment when the Court has a more fulsome understanding of the facts.

official capacity operate as arms of the state, and, as such, are entitled to assert sovereign immunity.

Section 1983 does not provide an exception to sovereign immunity, although official capacity suits against state actors may be allowed when the plaintiff seeks only injunctive or declaratory relief. *See Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025). Here, Plaintiff does not seek injunctive or declaratory relief. Therefore, the Court concludes that Plaintiff's claims against ECS and Frazier in her official capacity are barred by sovereign immunity. However, because the Eleventh Amendment does not extend to individual capacity suits, *see Lee v. Bd. of Trs. of W. Illinois Univ.*, 202 F.3d 274 (7th Cir. 2000), Plaintiff's claims against Frazier in her individual capacity are not barred by sovereign immunity.[3]

## II.      Section 1983 Malicious Prosecution (Count I)

The Court now turns to Plaintiff's Section 1983 claim for malicious prosecution, which he purports to bring against ECS and Frazier. As discussed above, this claim may not proceed against ECS or Frazier in her official capacity due to sovereign immunity.[4] Thus, the Court only considers the plausibility of this claim as it relates to Fraizer in her individual capacity.

Malicious prosecution claims brought pursuant to Section 1983 are grounded in the Fourth Amendment. *See Neita v. City of Chicago*, 148 F.4th 916, 938-39 (7th Cir. 2025);

---

[3] Defendants also argue that several of Plaintiff's claims are untimely. "[A] court may dismiss a claim as time-barred if the complaint sets forth the necessary information to show that the statute of limitations has expired." *Davenport v. Dovgin*, 545 F. App'x 535, 538 (7th Cir. 2013). Because Plaintiff has not set forth any relevant dates in the complaint, the Court cannot determine which claims, if any, are time-barred.

[4] Even if sovereign immunity did not bar this claim, Plaintiff still would not have stated a plausible claim against ECS due to a lack of allegations establishing that ECS as an entity is liable for the alleged constitutional violation. Section 1983 does not create "respondeat superior" liability where an employer is liable "for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 693-94 (1978). Therefore, a plaintiff must allege injury due to an agency's policy or custom to be able to hold the entity responsible. Here, the complaint contains no factual allegations about ECS at all.

*Thompson v. Clark*, 596 U.S. 36, 39 (2022). To state a federal claim for malicious prosecution, Plaintiff must plausibly allege that "(i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution terminated in the acquittal or discharge of the accused." *Neita*, 148 F.4th at 939. "Because this claim is housed in the Fourth Amendment, the plaintiff also has to prove that the malicious prosecution resulted in a seizure of the plaintiff." *Id.*

The first issue with the complaint as currently pled is that Plaintiff does not include allegations of a seizure as a result of the malicious prosecution. The Seventh Circuit has refused to hold that a "pre-legal-process" arrest can form the basis for a Fourth Amendment malicious prosecution claim, *see id.*, and other circuits have held that arrests that occurred prior to an arraignment or without a warrant cannot serve as the "predicate deprivation of liberty" for a Section 1983 malicious prosecution claim. *See, e.g.*, *Harrington v. City of Nashua*, 610 F.3d 24, 32 (1st Cir. 2010); *Christman v. Holmes*, 448 F. App'x 869, 872 (11th Cir. 2011). Here, Plaintiff does not include any allegations that he was subject to a seizure after he was charged and merely notes that he experienced a "wrongful arrest." This is exactly the type of allegation found inadequate in *Neita*. *See Neita*, 148 F.4th at 939-40 (dismissing Section 1983 malicious prosecution claim that alleged only being "arrested and imprisoned without probable cause"). Therefore, because Plaintiff does not allege a constitutional violation to form the basis of his federal malicious prosecution claim, the complaint does not plausibly state a claim.

The second problem with the complaint is that on its face it alleges probable cause for Plaintiff's arrest and prosecution. "The existence of probable cause for arrest is an absolute bar to a Section 1983 claim for … malicious prosecution." *Fernandez v. Perez*, 937 F.2d 368, 371 (7th

6

Cir. 1991). Probable cause for an arrest exists "when the police have information from a reasonably credible witness that a person has committed a criminal act." *Seiser v. City of Chicago*, 762 F.3d 647, 654 (7th Cir. 2014). "The alleged falsity of a report about a crime does not negate probable cause unless the officers had reason to know that the report was false[.]" *Santoyo v. Vill. of Oak Lawn, Illinois*, No. 24-2051, 2024 WL 4930393, at *2 (7th Cir. 2024). Similarly, fabricated evidence does not destroy probable cause when other evidence supports a finding of probable cause. *See Smith v. City of Chicago*, 913 F.2d 469, 473 (7th Cir. 1990).

In this case, the complaint alleges the police had two independent sources of information supporting Plaintiff's arrest and prosecution. First, the complaint alleges that "Frazier … contacted the police to report Plaintiff, thereby initiating the criminal investigation." Doc. 7 ¶ 15A. Later, the complaint alleges that "Amy and Ann Godfrey … accused Plaintiff of theft." *Id*. ¶ 21. When making the decision to charge Plaintiff, the complaint alleges that Detective Scott of the Sycamore Police Department "relied on the false reports of Frazier, Amy, and Ann Godfrey." *Id*. ¶ 23. The complaint does not allege any facts to suggest that Frazier or the Godfrey sisters were obviously incredible witnesses. Moreover, it is not reasonable to infer that the reports of a state elder care employee or the children of a purported victim should have been perceived by the police to be incredible. Thus, the complaint establishes that the police had information from two different sets of apparently credible witnesses that Plaintiff had committed a criminal act. That establishes probable cause, and is fatal to Plaintiff's claim of malicious prosecution.[5]

With these two fundamental problems with the complaint, the Court need not reach the

---

[5] The fact that Amy Godfrey later acknowledged to a third party that Plaintiff's "account was true," doc. 7 ¶ 22, does not undercut probable cause at the time the charging document was filed, which is the relevant time period for the purposes of this case. *See Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011). Similarly, the fact that Amy and Ann Godfrey were not personally involved with Mr. Godfrey's conversations with Plaintiff are not fatal to a probable cause finding, because probable cause can be based on hearsay. *See United States v. Taylor*, 63 F.4th 637, 649 (7th Cir. 2023).

parties' argument regarding whether the dismissal of a charge pursuant to Illinois' Second Chance Act counts as a resolution in Plaintiff's favor. From a philosophical perspective it is illogical that a plaintiff could recover on a theory of malicious prosecution for a crime that he pled guilty to, which is one of the requirements of the Second Chance Act. *See* 730 ILCS 5/5-6-3.4(a); *Bontkowski v. United State*s, 28 F.3d 36, 37 (7th Cir. 1994) (noting that "as a matter of common sense, by pleading guilty [the plaintiff] forfeited his chance to dispute the existence of probable cause for his prosecution"). That said, the Court recognizes the sweeping language of *Thompson*, 596 U.S. at 49, in which the Supreme Court indicated that to prove a case of federal malicious prosecution a "plaintiff need only show that the criminal prosecution ended without a conviction." Therefore, although Plaintiff's claim would clearly not meet the standards for malicious prosecution under Illinois law, which requires a disposition "indicative of the innocence of the accused," *Swick v. Liataud*, 662 N.E.2d 1238, 1243 (Ill. 1996), it could plausibly meet federal pleading standards.

Because Plaintiff has not sufficiently alleged either an unconstitutional seizure or a prosecution unsupported by probable cause, Plaintiff has not plausibly alleged a federal malicious prosecution claim. Count I is therefore dismissed.

### III. Section 1983 Conspiracy (Count II)

Plaintiff also alleges a Section 1983 claim for conspiracy against all defendants. Because this claim depends entirely upon Plaintiff having been the victim of malicious prosecution, the claim fails on that basis alone. *See Pyles v. Strebing*, No. 24-1797, 2025 WL 2083900, at *2 (7th Cir. 2025) (finding that Section 1983 "does not permit an independent claim of conspiracy absent an underlying constitutional violation"). But even if the complaint had plausibly alleged a malicious prosecution, there are no facts alleged that plausibly suggest a conspiracy between

Frazier, the Godfrey sisters, and Detective Scott. To the contrary, the complaint states that Frazier and the Godfrey sisters independently provided false reports to Detective Scott, which undermines any reasonable inference that Detective Scott was part of a conspiracy. Similarly, Plaintiff does not plead any facts to suggest that the Godfrey sisters conspired with Frazier aside from vague statements that there were "coordinated efforts" to frame him, Doc. 7 ¶ 1, and that Defendants "agreed and acted jointly to shift suspicion from the Godfreys onto Plaintiff." *Id*. ¶ 34. But these are conclusory statements that the Court does not credit. *See Twombly*, 550 U.S. at 555 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). And even if Frazier and the Godfrey sisters did all attempt to frame Plaintiff, "[m]erely working in parallel toward a common goal is not the same as conspiring together." *Scott v. Univ. of Chicago Med. Ctr.*, 107 F.4th 752, 758 (7th Cir. 2024) (internal quotations omitted). In sum: there are simply no facts alleged that in any way plausibly allege any agreement between Defendants.

Additionally, there is no basis for holding the Godfrey sisters, who are private citizens, liable under Section 1983. To bring a Section 1983 case against a private citizen a plaintiff must show "evidence of a *concerted effort*" between the private citizen and a state actor. *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019). "Mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Id*. Here, there are no allegations that the Godfrey sisters ever so much as spoke to either Frazier or Detective Scott. The only allegation about the Godfrey sisters doing anything to advance the case against Plaintiff is that they "later accused Plaintiff of theft." Doc. 7 ¶ 21. This is wholly insufficient to establish that the Godfrey sisters acted under color of state law.

9

For these reasons, the Court dismisses the Section 1983 claim for conspiracy (Count II).

## IV.    State Law Claims (Counts III-VI)

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims (Counts III-VI). In instances where all federal claims are dismissed and there is no additional basis for subject matter jurisdiction, the district court may decline to exercise its supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Although the decision is discretionary, "there is a general presumption that the court will relinquish supplemental jurisdiction and dismiss the state-law claims without prejudice." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018); *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."). This is especially true when the federal claims are dismissed early in the litigation. For those reasons, in the absence of any federal claim providing it with jurisdiction, the Court declines to exercise supplemental jurisdiction and dismisses Counts III-VI without prejudice.

## V.    Plaintiff's Motion for Default

Plaintiff has filed a motion for entry of default against Detective Scott, who has not answered or otherwise pled in response to the complaint. Doc. 52. However, even when the facts in the complaint are accepted as true, the complaint does not plausibly establish a claim against Detective Scott.[6] For that reason, a default judgment against Detective Scott would be

---

[6] Detective Scott is charged in Count II (Section 1983 conspiracy), Count III (malicious prosecution under Illinois law), Count V (intentional infliction of emotional distress), and Count VI (abuse of process). This opinion has already addressed the inadequacy of Counts II and III. Plaintiff has also failed to allege an abuse of process claim against Detective Scott because the complaint does not establish either that Detective Scott had an "ulterior purpose or motive" in this case or that there was a use of process "not

10

unsupportable as a matter of law. *See Abdul-Wadood v. Wright*, 85 F.3d 631 (7th Cir. 1996) (holding that a complaint that fails to state a claim upon which relief can be granted is "legally insufficient to support a default judgment"). Furthermore, the Court may dismiss a case "at any time" if the Court determines that the complaint "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). Therefore, the Court dismisses the complaint against Detective Scott and denies Plaintiff's motion for entry of default as moot.

### CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss. This is the second time the Court has dismissed the case at least in part based upon the fact that Frazier's report to the police about Plaintiff was alleged to be separate and independent from Amy and Ann Godfrey's report to the police. *See* Doc. 6 at 2 (noting that Frazier could not be liable for commencing the prosecution against Plaintiff if the prosecution is based upon separate or independently developed information). As is discussed above, the fact that those reports were separate and independent provides probable cause for Plaintiff's prosecution regardless of the fact that they may have been untruthful. The Court will allow Plaintiff one last opportunity to submit a proposed amended complaint, if Plaintiff believes he can overcome the substantial hurdles outlined in this opinion. Any proposed amended complaint must be submitted by April 30, 2026, or this case will be dismissed for failure to state a claim.

Dated: April 2, 2026

_____
APRIL M. PERRY
United States District Judge

---

proper in the regular prosecution of the proceedings." *See Farwell v. Senior Services Assoc., Inc.*, 970 N.E.2d 49, 57 (Ill. App. Ct. 2012). Nor has Plaintiff plausibly alleged any of the elements of intentional infliction of emotional distress with respect to Detective Scott.